(R.D. 11582)

PACIFIC WOOD PRODUCTS CO. (WILEY) ET AL. *v.* UNITED STATES

Entry No. 210016, etc.

(Decided September 19, 1968)

*Glad & Tuttle* for the plaintiffs.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the appeals for reappraisement enumerated in the attached Schedule "A" are limited to the merchandise manufactured by K. K. Toda Mokko Sho, consisting of knocked down wood furniture and parts, and that, at the time of exportation thereof from Japan to the United States, the market value or the price at which such merchandise was freely sold or, in the absence of sales, freely offered for sale to all purchasers in the principal markets of Japan, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment, to the United States, were the invoice unit prices, net packed.

2. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

3. That the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T. D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

4. That the issues involved herein are the same in all material respects as those in *Pacific Wood Products Company (James G. Wiley Co.),* v. *United States,* Reap. Dec. 11369 and that the record in said case may be incorporated with the record herein.

5. That the appeals for reappraisement enumerated in the attached Schedule "A" may be deemed submitted for decision on the foregoing stipulation.

Upon the agreed facts I find export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the ascertainment of value,

and that such value for the merchandise at bar, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, is the invoice unit prices, net packed.

Judgment will be entered accordingly.